UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FRANK GARVIN, Individually, and on behalf                    Civil Action No.:
of all others similarly situated,

                                    Plaintiffs,

        -against-

FORCE ONE INTERNATIONAL SECURITY, INC.,
FORCE ONE INTERNATIONAL SECURITY &
CONSULTANT FIRM, INC., AHMAD SHAHEED SR.,
and AHMAD SHAHEED JR,

                                    Defendants.
-------------------------------------------------------------------X

## CLASS AND COLLECTIVE ACTION COMPLAINT

        The Plaintiff, Frank Garvin, individually and on behalf of all others similarly situated, by

and through his undersigned counsel, as and for his Complaint against the Defendants, Force

One International Security, Inc., Force One International Security & Consultant Firm, Inc.,

Ahmad Shaheed Sr., and Ahmad Shaheed Jr., respectfully allege as follows:

### JURISDICTION AND VENUE

        1.      Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the

"FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19 and the New York

Codes, Rules, and Regulations (hereinafter the "New York Labor Articles") to recover unpaid

minimum wages, overtime compensation, spread of hours pay, and for other relief. This action

is brought as a collective action pursuant to 29 U.S.C. §216(b) and as a state-law class action

under Fed. R. Civ. P. 23(b)(3).

        2.      Jurisdiction over Plaintiff's FLSA claims is based upon Section 16(b) of the

FLSA, 29 U.S.C. §16(b), and upon 28 U.S.C. §1331.

3.      The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial  part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.      Plaintiff, Frank Garvin, was employed by Defendants as a security guard from on or about July 2009 to on or about January 2014.

6.      Pursuant to 29 U.S.C. §216(b) of the FLSA, Plaintiff, Frank Garvin's written consent to become a party plaintiff is attached hereto as Exhibit "A."

7.      Defendant Force One International Security, Inc. is a domestic corporation duly organized and existing under the laws of the State of New York.

8.      Upon information and belief, Defendant Force One International Security & Consultant Firm, Inc. is a domestic corporation duly organized and existing under the laws of the State of New York.

9.      Upon information and belief, Defendant Force One International Security & Consultant Firm, Inc. is a foreign corporation duly authorized to conduct business in the State of New York.

10.      At all relevant times, Defendant Ahmad Shaheed Sr. was an officer of the corporate defendants.  Upon information and belief, at all times relevant, Ahmad Shaheed Sr. exercised operational control over the corporate defendants, controlled significant business functions of the corporate defendants, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of the corporate defendants in devising, directing,

implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Ahmad Shaheed Sr. has been an employer under the FLSA and the New York Wage and Hour Law.

11.     At all relevant times, Defendant Ahmad Shaheed Jr. was an officer of the corporate defendants. Upon information and belief, at all times relevant, Ahmad Shaheed Jr. exercised operational control over the corporate defendants, controlled significant business functions of the corporate defendants, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of the corporate defendants in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Ahmad Shaheed Jr. has been an employer under the FLSA and the New York Wage and Hour Law.

## FACTS

12.     During the course of his employment, Plaintiff Frank Garvin regularly worked more than 40 hours a week.

13.     Frank Garvin's schedule was supposed to be 4 p.m. to 12 a.m. Monday through Friday.

14.     Each day, Frank Garvin would call the corporate defendants' office to obtain his assignment for the evening.

15.     When Frank Garvin arrived at the assignment, he called the corporate defendants' office to report his start time.

16.     When Frank Garvin's shift ended, he called the corporate defendants' office to report his end time.

17.     The corporate defendants have a time keeping system at its office and the defendants were supposed to keep track of the work times that Frank Garvin reported to them on a daily basis.

18.     Frank Garvin was always paid by the hour.

19.     During his employment, at 12:00 a.m., another security guard was supposed to relieve Frank Garvin from his shift.

20.     Several times each week, however, the security guard that was supposed to relieve Frank Garvin would show up late.

21.     Frank Garvin was never paid anything for this time although he always reported it to the defendants.

22.     A few times each month, Frank Garvin worked a double shift because the security guard that was supposed to relieve him did not show up or called in sick.

23.     Frank Garvin was never paid overtime compensation for this work time.

24.     Frank Garvin was never paid straight time for the hours he worked each week after his shift was supposed to end.

25.     Frank Garvin was never paid overtime compensation for the hours that he worked each week after his shift was supposed to end.

26.     Each week, the defendants deducted $10.00 from Frank Garvin's pay allegedly for uniform maintenance.

27.     Frank Garvin never authorized this deduction and the defendants never cleaned his uniform.

28.     At no time did the defendants give Frank Garvin a written notice stating his rate of pay, regular pay day, hourly rate, or overtime rate.

29.     At the beginning of his employment, the defendants suffered and permitted Frank
Garvin to work an entire 40 hour week without compensating him at all.

30.     At times during his employment, Frank Garvin worked shifts in excess of 10
hours.

31.     Frank Garvin was never paid spread of hours compensation for this time.

32.     The defendants have and continue to employ other security guards who are
working more than 40 hours a week without being paid overtime compensation.

33.     The defendants have and continue to employ other security guards who are
working more than 40 hours a week without being paid any compensation at all.

34.     The defendants have and continue to improperly deduct $10.00 a week from other
security guards' wages.

35.     The defendants have and continue to suffer and permit other security guards to
work 40 hours at the beginning of their employment without compensating them at all.

36.     The defendants have and continue to fail to provide written notices to other
security guards stating their rates of pay, regular pay days, hourly rates, or overtime rates.

37.     The defendants have and continue to suffer and permit other security guards to
work shifts in excess of 10 hours without providing spread of hours compensation.

38.     The defendants have and continue to purposely keep inaccurate time records to
avoid paying their security guards the full wages that they are entitled to under Federal and State
law.

39.     Defendants managed the named Plaintiff's and other similarly situated
employees' employment, including the amount of overtime worked.  Defendants dictated,
controlled, and ratified the wage and hour and all related employee compensation policies.

## GENERAL ALLEGATIONS

40.     Plaintiffs, individually, and on behalf of all similarly situated current and former

employees of the Defendants, including its subsidiaries and affiliated companies, bring this

action as a collective action under the FLSA to recover, *inter alia*, unpaid minimum wages,

overtime compensation, and statutory penalties owed to the Plaintiff and all other similarly

situated employees.

41.     Defendants' failure to pay the Plaintiff and all other similarly situated employees

proper minimum wages and proper overtime compensation when these employees worked in

excess of 40 hours per week has violated the FLSA.

42.     As a result of these unlawful practices, the Plaintiff and the similarly situated

employees suffered a loss of wages.

## COLLECTIVE ACTION ALLEGATIONS

43.     Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on

behalf of himself and the following class of persons:

> All security guards who worked for Force One International Security, Inc or
> Force One International Security & Consultant Firm, Inc. at any time from six
> years prior to the filing of this action to the entry of judgment in this action who
> give their consent, in writing, to become party plaintiffs (hereinafter the "FLSA
> Class").

44.     Plaintiff and other members of the FLSA collective action are similarly situated

inasmuch as, *inter alia*, they were required to work in excess of 40 hours a week without being

paid proper minimum wages and proper overtime compensation.

45.     Defendants have known that the Plaintiff and similarly situated employees have

performed work that has required the payment of minimum wages and overtime compensation.

Nonetheless, Defendants have operated under a scheme to deprive the Plaintiff and the other

members of the FLSA collective action of minimum wages and overtime compensation by failing to properly compensate them for all time worked.

46.     Defendants' conduct, as alleged herein, has been willful and has caused significant damage to the Plaintiff and the similarly situated employees.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. §201 ET SEQ.
## FAILURE TO PAY MINIMUM WAGES

47.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

48.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

49.     Defendants were and are subject to the minimum wage requirements of the FLSA because the Defendants are enterprises engaged in commerce or in the production of goods for commerce.

50.     Upon information and belief, the gross annual volume of sales made or business done by Force One International Security, Inc. for the years 2013, 2012, and 2011 was not less than $500,000.00.

51.     Upon information and belief, the gross annual volume of sales made or business done by Force One International Security & Consultant Firm, Inc. for the years 2013, 2012, and 2011 was not less than $500,000.00.

52.     Defendants routinely and regularly failed to pay collective action members the applicable minimum wage, in violation of 29 U.S.C. §206(a).

53.     As a result of Defendants' unlawful practices, Plaintiff and the collective action members have suffered a loss of wages.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. §201 ET SEQ.
## FAILURE TO COMPENSATE FOR OVERTIME

54.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

55.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

56.     Defendants were and are subject to the overtime pay requirements of the FLSA because the Defendants are enterprises engaged in commerce or in the production of goods for commerce.

57.     Upon information and belief, the gross annual volume of sales made or business done by Force One International Security, Inc. for the years 2013, 2012, and 2011 was not less than $500,000.00.

58.     Upon information and belief, the gross annual volume of sales made or business done by Force One International Security & Consultant Firm, Inc. for the years 2013, 2012, and 2011 was not less than $500,000.00.

59.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

60.     By the above-alleged conduct, Defendants have violated the FLSA by failing to pay the FLSA collective action plaintiffs proper overtime compensation as required by the FLSA.

61.     The Defendants did not pay the Plaintiff and similarly situated employees overtime compensation at all.

62.     Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA. However, none of the Section 13 exemptions apply to the Plaintiff or the similarly situated employees because, *inter alia*, they have not been paid a guaranteed salary of at least $455.00 per week and have not otherwise met the requirements for coverage under the exemptions.

63.     The Plaintiff and the similarly situated employees are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all members of the FLSA collective action and has deprived them of proper overtime compensation.

64.     Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA. Defendants have not acted in good faith with respect to the conduct alleged herein.

## STATE-WIDE CLASS ALLEGATIONS

65.     The Plaintiff also seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of himself individually and all other similarly situated employees who, during the relevant statute of limitations period, have worked as security guards with respect to the claims pleaded in Count III, Count IV, Count V, Count VI, and Count VII of this Complaint.

66.     Fed. R. Civ. P. 23(b)(3) provides that a cause of action may be maintained as a class action if the following elements are met:

(a)     The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

(b)     There are questions of law or fact common to the class which predominate over and questions affecting only individual members;

(c)     The claims or defenses of the representative parties are typical of the claims or defenses of the class;

(d)     The representative parties will fairly and adequately protect the interests of the class; and

(e)     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## Class Definitions

67.     Plaintiff seeks certification of a class consisting of the following individuals:

All persons who have worked as security guards for Force One International Security, Inc. or Force One International Security & Consultant Firm, Inc. at any time from six years prior to the filing of this Action to the entry of judgment in this Action (hereinafter the "New York Class").

## Numerosity

68.     Plaintiff satisfies the numerosity requirements as the proposed class is so numerous that joinder of all members is impracticable.

69.     The proposed class can be identified and located using Force One International Security, Inc.'s and Force One International Security & Consultant Firm, Inc.'s payroll and personnel records. Class members may be informed of the pendency of this action by direct mail and/or published and broadcast notice.

## Common Questions of Fact or Law

70.     There are questions of fact and law, common to each class member, which predominate over any questions affecting only individual members. The questions of fact and law common to each class member arising from Defendants' actions include, but are not limited to, the following:

(a)     Whether the class members have qualified for exempt status;

(b)     Whether Defendants conducted an analysis of class members' compensation before failing to properly pay them overtime compensation;

(c)     Whether Defendants conducted an analysis of class members' duties and tasks before failing to properly pay them overtime;

(d)     Whether the class members have been uniformly classified as exempt from overtime requirements;

(e)     Whether Plaintiff and class members have regularly worked in excess of 40 hours per week;

(f)     Whether Plaintiff and class member have been expected or required to work in excess of 40 hours per week;

(g)     Whether Defendants' policies or practices have violated the minimum wage and overtime provisions of the New York Labor Articles;

(h)     Whether Defendants' failure to pay proper minimum wages and proper overtime has been willful;

(i)     Whether Plaintiff and class members have regularly worked in excess of 10 hours a day without being paid spread of hours compensation;

(j)     Whether Defendants improperly deducted $10.00 a week from the Plaintiff's and class members' pay; and

(k)     Whether Defendants failed to provide the Plaintiff and class members written notices stating their rates of pay, regular pay days, hourly rates, or overtime rates.

71.     The questions set forth above predominate over any questions affecting only individual persons. With respect to considerations of consistency, economy, efficiency, fairness, and equity, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## Typicality

72.     Plaintiff's claims are typical of the claims of the class members. As a result of Defendants' unlawful conduct, Plaintiff suffered similar injuries as those suffered by other members of the respective class he seeks to represent.

## Adequacy

73.     Plaintiff is an adequate representative of the class he seeks to represent because he is a member of such class, and his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the class members will be fairly and adequately protected by Plaintiff and his undersigned counsel. Plaintiff has hired competent attorneys who are experienced in class action litigation of this type and who are committed to the prosecution of this Action.

## Superiority

74.     A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their

common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

75.     Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims.

76.     The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class member to protect their interests.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR ARTICLES 6 AND 19**
**FAILURE TO PAY MINIMUM WAGES UNDER NEW YORK LABOR LAW**

77.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

78.     At all times relevant to this Action, Plaintiff and the class members were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

79.     Defendants willfully failed to pay Plaintiff and the class members at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §652.

80.     As a result of Defendants' unlawful practices, Plaintiff and the class members suffered a loss of wages

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR ARTICLE 6 AND 19
## FAILURE TO PAY OVERTIME UNDER NEW YORK LABOR LAW

81.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

82.     At all times relevant to this Action, Plaintiff and the class members were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

83.     Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

84.     By the above-alleged conduct, Defendants have failed to pay the plaintiff and members of the New York Class proper overtime compensation as required by the New York Labor Articles.

85.     Plaintiff and the other members of the New York Class were and are not exempt from the overtime provisions of the New York Labor Articles, because they have not met the requirements for any of the reduced number of exemptions available under New York law.

86.     Plaintiff and the other members of the New York Class are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the New York Labor Articles, has been applied to all members of the New York Class and has deprived them of proper overtime compensation.

87.     The Defendants did not pay the Plaintiff and other members of the New York Class overtime compensation at all.

88.     Defendants have acted willfully and have either known that their conduct violated the New York Labor Articles or have shown reckless disregard for the matter of whether their

conduct violated the New York Labor Articles.  Defendants have not acted in good faith with

respect to the conduct alleged herein.

## COUNT V
## FAILURE TO PAY SPREAD OF HOURS COMPENSATION

89.    At all times relevant to this Complaint, Defendants were an "employer" of

Plaintiff and class members within the meaning of the NYLL and the regulations pertaining

thereto.

90. At all times relevant to this Complaint, Plaintiff and class members were

"employees" of Defendants within the meaning of the NYLL and the regulations pertaining

thereto.

91. At all times relevant to this Complaint, Defendants employed Plaintiff and class

members, suffering or permitting them to work within the meaning of the NYLL and the

regulations pertaining thereto.

92. In violation of the NYLL and the regulations pertaining thereto, Defendants failed to

pay Plaintiff and class members an additional hour of pay when the spread of hours between the

beginning and end of Plaintiff's and class members' workday exceeded ten.

93. Such failures constituted outrageous conduct, made knowingly and willfully, or with

a reckless indifference to Plaintiff's and class members' rights.

94. As a result of Defendants' violation of the NYLL and the regulations pertaining

thereto, Plaintiff and class members have incurred harm and loss in an amount to be determined

at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT VI
## VIOLATION OF NYLL SECTION 193

95. In violation of NYLL section 193, the Defendants illegally and improperly $10.00 a

week from the Plaintiff's and class members pay for alleged uniform maintenance.

96. The defendants, however, never cleaned or maintained the plaintiff's or any of the

class member's uniforms.

97. Such violations constituted outrageous conduct, made knowingly and willfully, or

with a reckless indifference to Plaintiff's and class members' rights.

98. As a result of Defendants' violations of the NYLL and the regulations pertaining

thereto, Plaintiff and class members have incurred harm and loss in an amount to be determined

at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT VII
## VIOLATION OF NYLL 195.1

99. In violation of NYLL section 195.1, the Defendants failed to provide the plaintiff and

class members with written notices stating their rates of pay, regular pay days, hourly rates, or

overtime rates.

100. As a result of Defendants' violations of the NYLL and the regulations pertaining

thereto, Plaintiff and class members have incurred harm and loss in an amount of up to $2,500.00

for each violation, along with liquidated damages, attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by

and through his attorneys, the Law Offices of Neil H. Greenberg & Associates, P.C., demand

judgment against Defendants, jointly and severally and in favor of Plaintiff and all others

similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiff

and all others similarly situated for the nature, extent, and duration of the damages, costs of this Action, and as follows:

A.    Order the Defendants to file with this Court and furnish to counsel a list of all names and addresses of all security guards who currently work for or who have worked for Defendants within the last six years;

B.    Authorize Plaintiffs' counsel to issue a notice at the earliest possible time to all current and former security guards employed by the Defendants during the six years immediately preceding this Action, informing them that this Action has been filed, of the nature of the Action, and of their right to opt into this lawsuit if they worked in excess of 40 hours in a week during the liability period, for which they were not paid the proper FLSA-required minimum wages and overtime;

C.    Authorize Plaintiff to certify his claims under the state law of New York;

D.    Declare and find that the Defendants committed one or more of the following acts:

     1.    Violated provisions of the FLSA by failing to pay proper minimum wages and overtime wages to Plaintiff and similarly situated persons who opt into this Action;

     2.    Willfully violated the minimum wage and overtime provisions of the FLSA;

     3.    Violated the provisions of the NYLL by failing to pay spread of hours pay, minimum wages and overtime wages to Plaintiffs and all class members;

     4.    Violated the provisions of the NYLL by improperly deducting $10.00 a week from the plaintiff's and class members' pay;

5.     Willfully violated the minimum wage and overtime
provisions of the NYLL;

6.     Violated the provisions of the NYLL by failing to provide the plaintiff and
class members with written notices stating their rates of pay, regular pay
days, hourly rates, or overtime rates.

E.     Award compensatory damages, including all overtime compensation

owed, in an amount according to proof;

F.     Award interest on all NYLL compensation due accruing from the date

such amounts were due;

G.     Award all costs, attorney's fees incurred in prosecuting this action as well

as liquidated damages under the FLSA and NYLL.

H.     Grant leave to add additional plaintiffs by motion, the filing of written

consent forms, or any other method approved by the Court; and

I.     Provide such further relief as the Court deems just and equitable.

Dated: Westbury, New York
       March 19, 2014

Neil H. Greenberg & Associates, P.C.
Attorneys for the Plaintiffs
By: Neil H. Greenberg, Esq.
900 Merchants Concourse, Suite 314
Westbury, New York 11590
(516) 228-5100

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in <u>Galvin v. Force One International Security & Consult Firm Inc., a.k.a. Force One International Security Inc., Ahmad Shaeed Sr., and Ahmad Shaeed Jr.</u> in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Westbury, New York
      March 14, 2014

Frank ~~Galvin~~