# NEGOTIATED SETTLEMENT AGREEMENT & RELEASE

This Agreement and Release ("Agreement") is made and entered into by and between Frank Garvin, on behalf of himself and all Opt-in Plaintiffs (collectively referred to as "Plaintiffs"), on the one hand, and Defendants Force One International Security, Inc., Force One International Security & Consultant Firm, Inc., Ahmad Shaheed Jr., and Shamika Ahmad Shaheed, as Voluntary Administrator of the Estate of Ahmad Shaheed, Sr. ("Defendants"), on the other;

WHEREAS, Plaintiffs and Defendants are parties to a lawsuit in the United States District Court for the Eastern District of New York, entitled *Garvin et al. v. Force One International Security, Inc. et al.*, 14 CV 1795 (RER)(the "Civil Action");

WHEREAS, Plaintiffs and Defendants to that lawsuit have reached a compromise of that Civil Action;

WHEREAS, the named Plaintiff, Frank Garvin, represents and warrants that he has the authority and capacity to enter into this Agreement on behalf of all the Opt-in Plaintiffs that have joined the Civil Action;

WHEREAS, the named Plaintiff, Frank Garvin, represents and warrants that he has the authority and capacity to bind the Opt-in Plaintiffs that have joined the Civil Action to the terms and conditions of this Agreement;

WHEREAS, the named Plaintiff, Frank Garvin, represents and warrants that he has the authority and capacity to agree to the dismissal of the Civil Action and the claims of all the Opt-in Plaintiffs with prejudice;

WHEREAS, the Notice of Lawsuit that Opt-in Plaintiffs signed provided that anyone who joins the Civil Action will be bound by decisions made and agreements entered into by the named Plaintiff, Frank Garvin, and his counsel;

WHEREAS, there are thirty-seven (37) Opt-in Plaintiffs who have joined the Civil Action;

WHEREAS, the Opt-in Plaintiffs who have joined the Civil Action signed a consent form providing that named Plaintiff, Frank Garvin, and his counsel are authorized to act on their behalf in all matters relating to the Civil Action, including settlement of their claims;

WHEREAS, the Parties understand and agree that Defendants for themselves and any and all present and former affiliated entities, predecessor entities, successor entities and their respective present and former officers, partners, directors, board members, principals, trustees, professional employer organizations, administrators, executors, agents, owners, shareholders, employees, and assigns, individually and in their official capacities deny each and every assertion of wrongdoing with respect to Plaintiffs;

WHEREAS, the Parties understand and agree that neither the making of this Agreement, nor anything contained herein shall, in any way, be construed or considered to be an admission by

3245145.1

BSHENKER/2045203.1/066756

Defendants of liability, guilt or noncompliance with any federal, state, city, or local statute, constitution, rule, ordinance, public policy, human rights or civil rights law, wage-hour law, wage-payment law, tort law, contract, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever to the Plaintiffs.

WHEREAS, Plaintiffs, with full assistance and through consultation with counsel, freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to Defendants and the full payment due from Defendants as provided for herein; and

WHEREAS, the Court has made no findings as to the merits of the Complaint; and

WHEREAS, the terms and conditions of this Agreement, including the Release incorporated herein, have been explained to the Parties by their counsel;

NOW THEREFORE, in consideration of the foregoing, the mutual promises and the Release contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties each agree as follows:

In consideration for the payment of FORTY THOUSAND DOLLARS ($40,000.00) ("the Settlement Payment") as set forth in paragraph 2. herein, Plaintiffs hereby release, waive and forever discharge all claims against Defendants, their parent and affiliate companies, subsidiaries, divisions, business units, committees, groups, insurers and their predecessors, successors, assigns, trustees, administrators, executors, agents, accountants, attorneys, as well as their former and current employees (collectively referred to as "RELEASEES"), for alleged unpaid overtime pay and minimum wages arising from the Plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. section 201 and for alleged unpaid overtime pay, minimum wages, spread of hours compensation, failure to provide wage notices, and failure to provide wage statements arising from the Plaintiff's claims under the New York Labor Law as well as section 650 et seq., including Part 142, section 142-2.2 and section 142-2.4 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law), from the beginning of the world to the day and date Plaintiffs sign this Agreement up to and including the date of the complete execution of this Agreement.

1. The Settlement Payment shall be delivered to the offices of Plaintiffs' counsel, Neil H. Greenberg & Associates, P.C., 4242 Merrick Road, Massapequa, New York 11758 and paid as follows:

a. Within six (6) months of the Court's approval of this Agreement and dismissal of the Civil Action with prejudice, Defendants shall make a payment in the amount of **$40,000.00** in accordance with Exhibit A attached hereto.

b. In the event that the payment described above is not received by Plaintiffs' Counsel by the date set forth above, Plaintiffs' counsel shall notify Defendants' Counsel, Harry R. Thomasson, Esq. via email transmission at hrtatty@verizon.net and via First Class U.S. Mail of said default. Defendants shall be entitled to seven (7) business days from the date of notice to cure the default.

2.  The Parties acknowledge that the RELEASEES do not admit that they have done anything wrong or treated Plaintiffs unlawfully, and the RELEASEES specifically state that they have not violated or abridged any federal, state, or local law or ordinance, or any right or obligation that they may owe or may have owed to the Plaintiffs.

3.  If any provision of this Agreement is held by a court of competent jurisdiction to be illegal, void or unenforceable, such provision shall have no effect; however, the remaining provisions shall be enforced to the maximum extent possible.

4.  Upon delivery to the Defendants of a fully executed Agreement & Release, the Plaintiffs shall deliver to Defendants' counsel an executed Stipulation of Dismissal with Prejudice dismissing all claims in the Civil Action with prejudice and without costs or fees assessed against any party except as provided for in this agreement. Plaintiffs shall then promptly file a motion for settlement approval with the Court seeking judicial approval of this Agreement and the dismissal of the Civil Action with prejudice.

5.  Enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of New York, regardless of whether any party is, or may hereafter be, a resident of another state.

6.  No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by or on behalf of all of the Parties, and then only to the extent set forth in such written waiver, modification or amendment.

7.  This Agreement shall be binding upon, and inure to the benefit of, the parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

8.  This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

9.  This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein. This Agreement may not be changed or altered, except in writing and signed by all Parties.

10. In any interpretation of this Agreement the masculine, feminine or neuter pronouns, respectively, shall include the other genders.

11. This Agreement shall become effective upon its execution by all parties.

12. The Parties agree not to seek any interest, fees or costs from each other and, except as provided in this Agreement, agree to be responsible for the payment of their own attorneys' fees, costs and disbursements incurred in connection with the Claim.

3245145.1

12. The Parties agree not to seek any interest, fees or costs from each other and, except as provided in this Agreement, agree to be responsible for the payment of their own attorneys' fees, costs and disbursements incurred in connection with the Claim.

13. This Agreement may be executed in two or more counterparts, each of which together shall be deemed an original, but all of which together shall constitute one and the same instrument. In the event that any signature is delivered by facsimile transmission or by e-mail delivery of an ADOBE ".pdf" format data file, such signature shall create a valid and binding obligation of the party executing (or on whose behalf such signature is executed) with the same force and effect as if such facsimile or ".pdf" signature page were an original thereof.

14. This Agreement supersedes all prior agreements or understandings of any kind, whether oral and written, and represents the entire Agreement. This Agreement is intended to provide a memorialize the full and final compromise and settlement of all matters in controversy, disputes, causes of action, claims, contentions and differences between the parties to this Agreement. This Agreement represents the entire understanding of the parties with respect to the subject matter hereof.

15. Concurrently with the execution of this Agreement, Ahmad Shaheed Jr. shall execute an Affidavit of Confession of Judgment in the form attached hereto as Exhibit B. Defendants shall provide Plaintiffs' counsel with said executed Affidavit of Confession of Judgment bearing original signatures. The Affidavit of Confession of Judgment shall be held in escrow by Plaintiffs' counsel. Plaintiffs and Defendants agree that the Court shall retain enforcement jurisdiction to ensure the Parties' compliance with the terms and conditions of this Agreement and expressly consent to the jurisdiction of the Court for such purpose. In the event of a default, which default is not timely cured, Defendants shall be liable to Plaintiffs in the total amount of $40,000.00, less any amounts already paid pursuant to paragraph 2 above. Defendants will be considered in default of this Agreement if they fail to timely deliver to the Plaintiffs' attorney the payment set forth in paragraph 2 of this Agreement and such failure is not cured within seven (7) business days after written notice to cure any defaults [an "Event of Default"]. If after seven (7) business days Defendants have failed to cure the default, and an "Event of Default" is deemed to have occurred, and the amount of $40,000.00, minus any payments made pursuant to this Agreement will immediately become due to the Plaintiffs, and the Plaintiffs may apply to the Court for such relief as well as file the Affidavit of Confession of Judgment. Written notice of such default shall be given to Defendants' Counsel, Harry R. Thomasson, Esq., via email transmission at hrtatty@verizon.net and via First Class U.S. Mail.

IN WITNESS WHEREOF, Plaintiffs and Defendants have duly executed this Agreement & General Release.

Agreed to on behalf of the Named Plaintiff and Opt-in Plaintiffs, Individually and Collectively:

_____
FRANK GARVIN

4

3245145.1

Agreed to on behalf of Defendants Force One International Security, Inc. and Force One International Security & Consultant Firm, Inc.:

_____
AHMAD SHAHEED JR.

Agreed to on behalf of Defendant Ahmad Shaheed, Jr.:

_____
AHMAD SHAHEED JR.

Agreed to on behalf of Defendant Shamika Ahmad Shaheed, as Voluntary Administrator of the Estate of Ahmad Shaheed, Sr.

_____
SHAMIKA AHMAD SHAHEED

5

3245145.1

## EXHIBIT A

1. Frank Garvin - $4,000
2. Alphonso Collins - $1,500
3. John Butler - $600
4. Philip Andre - $2,500
5. Winold Daley - $1,000
6. Darryll Lago - $3,000
7. Kwame Tolliver - $250
8. Taisha Colon - $250
9. April Brown - $2,500
10. Bruce Davis - $250
11. Heyward Smith - $350
12. Jonathan Clark - $250
13. Jonathan Muhammad - $500
14. Lee Jackson - $600
15. Michael Jones - $250
16. Shamik Brown - $250
17. Shaniqua Barnett - $250
18. Tracey Sprinkle - $250
19. Leon White - $1,000
20. Ann Marie Kelly - $350
21. Beau Diaz - $250
22. Corey Whitfield - $1,000
23. Jacki McBride - $250
24. Jamel Savage - $1,250
25. Nathan Washington - $250
26. Nicolette Reedy - $250
27. Pamela Anderson - $1,000
28. Stevie Sims - $600
29. Ernie Trusty - $250
30. James Brown - $250
31. John Segarra - $250
32. Elijah Williams - $250
33. Moravia Edouard Bernadin - $1,250
34. Franklin Jenkinson - $250
35. Dalston Harrison, Jr. - $250
36. Danny Warren - $250
37. Naiquan Clemons - $350
38. Deauwand Broomfield - $400

TOTAL: $28,500.00 for Plaintiff and Opt-in Plaintiffs

Neil H. Greenberg & Associates, P.C. shall be paid $11,500.00

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FRANK GARVIN, Individually, and on behalf     14 CV 01795 (RER)
of all others similarly situated,

                Plaintiffs,

    -against-

FORCE ONE INTERNATIONAL SECURITY, INC.,
FORCE ONE INTERNATIONAL SECURITY &
CONSULTANT FIRM, INC., AHMAD SHAHEED JR.,
and SHAMIKA AHMAD SHAHEED, as Voluntary
Administrator of the Estate of AHMAD SHAHEED, SR.,

                Defendants.
------------------------------------------------------------------X

## AFFIDAVIT FOR JUDGMENT BY CONFESSION

STATE OF NEW YORK       )
                                  ) ss.:
COUNTY OF KINGS        )

    Ahmad Shaheed, Jr., being duly sworn, deposes and says:

    1.    I am a Defendant in the above-entitled action.

    2.    I am duly authorized to make this affidavit in support of Plaintiffs' application for the entry of a judgment by confession against me in the above-captioned action.

    3.    This is a judgment to be confessed for money due. The facts out of which the debt arose and that the sum confessed as justly due is set forth below.

    4.    In or around November 2017, Defendants agreed to pay the total sum of Forty Thousand Dollars and Zero Cents ($40,000.00) in exchange for the dismissal of the above-captioned action, with prejudice, and the Parties executed a Settlement Agreement (the "Agreement"), attached hereto as Exhibit A.

    5.    Under the terms of the Agreement, Defendants agreed to pay a total gross settlement amount of Forty Thousand Dollars and Zero Cents ($40,000.00) within six (6) months of the Agreement being approved by the Court and the above captioned action being dismissed with prejudice.

6.       Under the terms of the Agreement, I agreed to execute the instant Affidavit for Confession of Judgment on behalf of myself in the amount of Forty Thousand Dollars and Zero Cents ($40,000.00), less any payments made by Defendants under said Agreement.

7.       Under the terms of the Agreement, if Defendants are in default in the payment of any portion of the Forty Thousand Dollars ($40,000.00), Plaintiff shall provide seven (7) calendar days' notice to Defendants of his intent to file the Affidavit for Confession of Judgment with the court.  Defendants shall have seven (7) calendar days to remedy their default.

8.       Accordingly, if Defendants do not remedy their default within seven (7) calendar days of their receipt of such notice, I hereby authorize the entry of judgment in the amount of Forty Thousand Dollars and Zero Cents ($40,000.00), less any payments made by Defendants under said Agreement, against myself.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

9. I hereby confess judgment and authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated: Brooklyn, New York
12/23, 2017

_____
AHMAD SHAHEED JR.

STATE OF NEW YORK  }
                   }S.S.
COUNTY OF KINGS    }

On 12/23, 2017, before me personally came Ahmad Shaheed Jr., to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit for Judgment by Confession, and duly acknowledged to me that he executed the same.

NOTARY PUBLIC

HARRY ROGER THOMASSON
Notary Public, State Of New York
No. 02TH————49
Qualified In ———— County
Commission Expires January 7, 20 22